*UNITED STATES V. BILAL NAGI* **(23-CR-524-2) (EK)**

<u>Contemplated Special Conditions of Supervised Release</u>

The Court will consider the following special conditions of supervised release at sentencing:

1.  If deported, the defendant shall not illegally enter the United States.

2.  The defendant shall cooperate with and abide by all instructions of immigration authorities.

3.  The defendant shall comply with any restitution order.

4.  If the Court imposes a restitution order, upon request, the defendant shall provide the U.S. Probation Department with full disclosure of his/her financial records, including co-mingled income, expenses, assets, and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, the defendant is prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Department. The defendant shall cooperate with the Probation Officer in the investigation of their financial dealings and shall provide truthful monthly statements of their income and expenses. The defendant shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Department access to his/her financial information and records.

5.  The defendant shall not associate with children under the age of 18, unless a responsible adult is present and he has prior approval from the Probation Department. Prior approval does not apply to contacts which are not known in advance by the defendant where children are accompanied by a parent or guardian or for incidental contacts in a public setting. Any such non-pre-approved contacts with children must be reported to the Probation Department as soon as practicable.  Upon commencing supervision, the defendant shall provide to the Probation Department the identity and contact information regarding any family members or friends with children under the age of 18, whom the defendant expects to have routine contact with, so that the parents or guardians of these children may be contacted and the Probation Department can approve routine interactions without individual approval of each event.

6.  If the defendant cohabitates with an individual who has minor children, the defendant will inform that other party of his prior criminal history concerning his sex offense. Moreover, he will notify the party of his prohibition of associating with any child(ren) under the age of 18, unless a responsible adult is present.

7.  The defendant shall not have contact with John Doe, as identified in the indictment. This means that they shall not attempt to meet in person, communicate by letter, telephone, or through a third party, without the knowledge and permission of the U.S. Probation Department.

8.  The defendant shall participate in a mental health treatment program, which may include participation in a treatment program for sexual disorders, as directed and approved by the U.S. Probation Department. The defendant shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he or she is reasonably able, and shall cooperate in securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the Probation Department that will assist them in assessing his or her ability to pay. As part of the treatment program for sexual disorders, the defendant shall participate in polygraph examinations and/or visual response testing to obtain information necessary for risk management and correctional treatment, if directed by a treating physician and/or the Probation Department.

9.  The defendant shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner. The defendant shall also report to the Probation Department any and all electronic communications service accounts (as defined in 18 U.S.C. § 2510(15)) used for user communications, dissemination and/or storage of digital media files (i.e. audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts. The defendant shall provide each account identifier and password, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within 5 days of such action. Failure to provide accurate account information may be grounds for revocation of release. The defendant shall permit the Probation Department to access and search any account(s) using the defendant's credentials pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the account(s) to be searched contains evidence of this violation. Failure to submit to such a search may be grounds for revocation of release.

10. The defendant is not to use a computer, Internet capable device, or similar electronic device to access any "visual depiction" (as defined in 18 U.S.C. § 2256), including any photograph, film, video, picture, or computer or computer-generated image or picture,

whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256).  The defendant shall also not use a computer, Internet capable device or similar electronic device to view images of naked children. The defendant shall not use his computer to view sexually explicit conduct or visual depictions of naked children stored on related computer media, such as CDs or DVDs, and shall not communicate via his computer with any individual or group who promotes the sexual abuse of children. The defendant shall cooperate with the United States Probation Office's Computer and Internet Management/Monitoring ("CIMP") program. Cooperation shall include, but not be limited to, identifying computer systems (as defined in 18 U.S.C. § 1030(e)(1)), Internet-capable devices, and/or any electronic media capable of data storage the defendant has access to, allowing an initial examination of the device(s), and installation of monitoring software/hardware on the device(s), at the defendant's expense. The monitoring software/hardware is authorized to capture and analyze all data processed by and/or contained on the device, including the geolocation of the device. The Probation Office may access the device and/or data captured by the monitoring software/hardware at any time with or without suspicion that the defendant has violated the conditions of supervision. The defendant may be limited to possessing only one personal Internet-capable device, to facilitate the Probation Office's ability to effectively manage and monitor the device. The defendant shall also permit seizure and removal of computer systems, Internet-capable devices, and any electronic media capable of data storage for further analysis by law enforcement or the Probation Office based upon reasonable suspicion that a violation of a condition of supervision or unlawful conduct by the defendant has or is about to occur. Failure to comply with the monitoring, seizure and/or search of any computer systems, Internet-capable devices, and any electronic media capable of data storage may result in adverse action such as sanctions and/or revocation. The defendant shall inform all parties that access a monitored device, that the device is subject to search and monitoring.  If it is determined that the defendant is required to access the Internet for employment purposes, the Probation Officer, with prior approval of the Court, may require the defendant to notify his/her employer about the risk he/she poses based on the defendant's offense and the defendant must comply with that instruction. The Probation Officer may contact the employer and confirm that the employer has notified the person about the risk.

At sentencing, the Court will ask the defendant and defense counsel to execute this document solely to indicate that they have received and reviewed it.  If the defendant believes one or more of the conditions specified herein may be too onerous, he should be prepared to propose more measured version of such condition(s), with specific language, if and as appropriate.

**Reviewed:**

_____          _____

Defendant                                         Defense Counsel


_____          _____

Date                                              Date